# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:12cr297 |
| | § | (Judge Schell) |
| MONTECARLO JACKSON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 4, 2013, and June 12, 2013, to determine whether Defendant violated his supervised release.

On July 2, 2010, Defendant was sentenced by the Honorable Stephen N. Limbaugh, Jr. for the offense of Possession of Marijuana with Intent to Distribute. Defendant was sentenced to thirty-seven (37) months' imprisonment followed by a term of supervised release of two years. On July 26, 2011, Defendant completed his period of imprisonment and began his supervised release term. On December 18, 2012, jurisdiction was transferred to the Eastern District of Texas.

On April 2, 2013, the U.S. Probation Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory conditions: (1) the defendant shall not commit another federal, state, or local crime; and (2) the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. The petition asserted that Defendant violated the following standard conditions: (1) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia

related to any controlled substances, except as prescribed by a physician; (2) the defendant shall not leave the judicial district without the permission of the Court or probation officer; and (3) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer. The petition asserted that Defendant violated the following special conditions: (1) the defendant shall abstain from the use of alcohol and all other intoxicants; (2) the defendant shall participate in a drug or alcohol abuse treatment program approved by the United States Probation Office, which may include substance abuse testing, counseling, residence in a Community Corrections Center, residence in a Comprehensive Sanctions Center, Residential Re-Entry Center or inpatient treatment in a treatment center or hospital. The defendant shall pay for the costs associated with substance abuse services based on a co-payment fee established by the United States Probation Office. Co-payments shall never exceed the total cost of services provided; and (3) If not obtained while in Bureau of Prisons' custody the defendant shall participate in GED classes as approved by the United States Probation Office.

The Government offered the testimony of U.S. Probation Officer Lizette Gonzalez. Officer Gonzalez testified that Defendant submitted urine specimens on December 28, 2012, January 15, 2013, January 29, 2013. She stated that the January 29th specimen tested positive for cocaine. The December 28th and January 15th specimens did not test positive for cocaine, but were diluted. Officer Gonzalez also testified that Defendant failed to report for drug testing as directed on numerous occasions. Defendant also traveled to Waxahachie, Texas, on March 6, 2013, without prior approval from the U.S. Probation Office. Defendant also failed to make himself available for scheduled home visits on February 1 and February 7, 2013.

The Government also offered the testimony of Lt. Todd Woodruff from the Waxahachie Police Department. Lt. Woodruff testified that on March 21, 2013, a report was filed with the police department alleging that Defendant committed the offense of Harassment, a Class B misdemeanor. He stated that Defendant had not been arrested and no formal charges have been filed because the victim is scared of Defendant. Lt. Woodruff testified that the victim was called on her cell phone by a male who asked for the victim by name. When she asked him who he was, the caller said that his name was "John" and called her "babe." The victim hung up the phone, but later received a text message from the caller stating, "How can you just hang up on me, I guess you didn't feel like talking. I really enjoyed being with you the other night. I have never been with a white girl before and it was really fun." The victim responded by advising the caller that he had the wrong number and did not know what he was talking about. The caller then responded by sending a photograph of a penis and asked if she received the picture. She responded she did not know him, and was going to call the police if he did not discontinue harassing her. The communications then stopped. Lt. Woodruff then traced the phone number from the caller back to Defendant. Lt. Woodruff testified that Defendant had previously delivered a mattress to the victim's home on March 6, 2013, and he was employed with Sleep Experts through Employment Solutions, a temp agency.

After the Government put on its case, Defendant requested a continuance in order to call witnesses. The Court granted the request and, at the second hearing, Defendant offered no witnesses.

The Court finds the guideline range in this case is twenty-one to twenty-four months. The probation officer recommended twenty-four (24) months of imprisonment to be served consecutively to any term of imprisonment the Defendant is serving, with no supervised release to follow.

# RECOMMENDATION

The Court finds that Defendant has violated his conditions of his supervised release. Based upon these violations, the Court recommends that Defendant's supervised release should be revoked. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for twenty-four (24) months to be served consecutively to any term of imprisonment the Defendant is serving, with no supervised release to follow.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 1st day of July, 2013.**


AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE